UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MALACHI DAVIS,

    Petitioner,

v.                                                   CASE NO. 6:08-cv-189-Orl-19GJK

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case is before the Court on the following motion:

**MOTION**:  Petitioner's Request for Resolution of His Request for Injunctive Relief and Motion for Reconsideration (Doc. No. 9, filed Feb. 28, 2008).

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. No. 1, filed Feb. 5, 2008.) The pleading challenges the validity of Petitioner's conviction and sentence on various grounds.[1] Petitioner also filed a Motion for Injunctive Relief in concert with his request for habeas corpus relief. (Doc. No. 2, filed Feb. 2, 2005.) On February 7, 2008, this Court denied without prejudice Petitioner's Motion for Injunctive Relief for failure to show a substantial likelihood of prevailing on the merits. (Doc. No. 5.) Further, the Court denied Petitioner's request for habeas corpus relief under 28 U.S.C. § 2241 after determining that Petitioner was attempting to seek relief under 28 U.S.C. § 2255 and had

---

[1] The underlying criminal case number was 1:94-cr-638-UU-1.

failed to obtain authorization from the Eleventh Circuit Court of Appeals before doing so. *See* Doc. No. 6, filed Feb. 11, 2008.

Petitioner has since submitted a Request for Resolution of His Request for Injunctive Relief, claiming that the Court did not resolve the issue in its Order denying habeas corpus relief. Additionally, Petitioner requests this Court to reconsider its denial of his habeas corpus petition. (Doc. No. 9.)

I.   **Motion for Injunctive Relief**

In his motion, Petitioner states that "the district courts have been erroneously recharacterizing the habeas corpus motion filed pursuant to § 2241, and construing them as second and successive motions pursuant to Title 28 U.S.C. § 2255." (Doc. No. 9 at 4.) Moreover, Petitioner claims that "[t]he Eleventh Circuit's ruling in *Wofford* erroneously reads portion of Title 28 U.S.C. § 2255, into 28 U.S.C. § 2241, and concludes that a petitioner must first show that a habeas corpus motion filed pursuant to Title 28 U.S.C. § 2255 is ineffective or inadequate prior to filing a habeas corpus motion pursuant to Title 28 U.S.C. § 2241." *Id.* Since Petitioner argues that the Eleventh Circuit's ruling in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999) violates the rules of statutory construction, he seeks an injunction enjoining "the judge" from characterizing his habeas corpus petition as a "second" or "successive" motion under 28 U.S.C. § 2255. *Id.* at 5. As this Court held in its Order dated February 7, 2008 (Doc. No. 5), Petitioner is unable to show a substantial likelihood of prevailing on the merits.

In his petition, Petitioner asserts two claims, both of which attack his conviction. He has previously filed three actions attacking his conviction and sentence pursuant to 28

U.S.C. § 2255, all of which have been dismissed as either time-barred or successive. *See* Doc. No. 6 at 1. In one action, Petitioner argued that he should be entitled to proceed under the "savings clause" of § 2255, but the court disagreed. *Id*. Petitioner has even submitted an application in the Eleventh Circuit seeking an order authorizing the district court to consider his claims in a second or successive motion under § 2255, but was denied relief. *Id*. at 2.

Courts have used 28 U.S.C. § 2241 sparingly, usually to find an opportunity for relief for prisoners who have been convicted of a crime which was made nonexistent by a retroactively applicable United States Supreme Court decision overturning prior circuit precedent or for those who are "actually innocent".[2] The Court finds unpersuasive

---

[2] *See Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003) (holding that where "a petitioner invokes 28 U.S.C. § 2241 jurisdiction to raise a claim that clearly could have been pursued earlier, or where his asserted innocense is plainly belied by the record, then the savings clause of 28 U.S.C. § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted"); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (holding that § 2241 is available where record indicates prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" and where the government concedes that the change in law "should be applied retroactively"); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (holding that § 2241 petition may be pursued if "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03, 904 (5th Cir. 2001) (discerning these principles from the applicable cases and stating as its own test: petitioner's claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998) (holding

Petitioner's argument that the Eleventh Circuit's ruling in *Wofford* was erroneous. The Eleventh Circuit's conclusion is in alignment with the majority of the circuit courts and requires a petitioner to demonstrate that the savings clause of § 2255 applies to his claims before he can open the "portal" to a § 2241 proceeding. *Wofford*, 177 F.3d at 1244. In order for the savings clause of § 2255 to apply, three requirements must be met. The claim must be based upon a retroactively applicable Supreme Court decision; the holding of that Supreme Court decision must establish that the petitioner was convicted for a nonexistent offense; and circuit law must foreclose the claim at the time it otherwise should have been raise in the petitioner's trial, appeal, or first § 2255 motion. *Id*.

Petitioner is unable to show that the savings clause of § 2255 applies to him in order to pursue relief under § 2241. Petitioner has had a "procedural opportunity" to raise his claims; accordingly, his Motion for Injunctive Relief is **DENIED** without prejudice.

## II.     Motion for Reconsideration

Based on the reasoning set forth above, Petitioner's Motion for Reconsideration is also **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this   4th   day of March, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

that § 2241 relief is available if (1) prisoner "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion," (2) the change in law was "made retroactive by the Supreme Court," (3) the change "eludes the permission in section 2255 for successive motions," and (4) the change is not merely "a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated").

Copies to:
pslc 3/4
Malachi Davis
Counsel of Record